**THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | |
|---|---|
| **LOCATION BASED SERVICES, LLC**<br><br>Plaintiff,<br><br>v.<br><br>**SPRINT SPECTRUM L.P.,**<br><br><br>Defendant. | **Civil Action No. 2:17-cv-567**<br><br>**JURY TRIAL DEMANDED** |

## COMPLAINT FOR PATENT INFRINGEMENT

This is an action for patent infringement in which Location Based Services, LLC ("Plaintiff") accuses Sprint Spectrum L.P. ("Defendant"), of infringing U.S. Patent Nos. 9,214,033, 7,860,648, 8,392,114, 8,768,610, and 7,522,996 (collectively, the "Patents-in-Suit"), alleging as follows:

## PARTIES

1.      Plaintiff Location Based Services, LLC is a Texas limited liability company, having a principal place of business at 1400 Preston Rd., Ste. 400, Plano, TX 75093.

2.      Upon information and belief, Defendant is a limited partnership organized and existing under the laws of the State of Texas, with its principal place of business located at 6200 Sprint Parkway, Overland Park, KS 66251.  On information and belief, Sprint may be served via its registered agent, Corporation Service Company, 2711 Centerville Rd., Ste. 400, Wilmington, DE 19808.

**JURISDICTION AND VENUE**

3.      This is an action for infringement of the Patents-in-Suit arising under 35 U.S.C. §§ 271(a), 281, and 284 - 85. This Court has subject matter jurisdiction over this action under 28 U.S.C. §1331 and §1338(a).

4.      Venue is proper in this district under 28 U.S.C. § 1400(b). Defendant has committed acts of patent infringement in this judicial district and has a regular place of business at 7925 Broadway Ave., Tyler, TX 75703, which is within this judicial district.

5.      Upon information and belief, Defendant is subject to this Court's specific and general personal jurisdiction pursuant to due process and/or the Texas Long Arm Statute, due at least to its substantial business in this forum, including: (i) at least a portion of the infringements alleged herein; and (ii) regularly doing or soliciting business, engaging in other persistent courses of conduct, and/or deriving substantial revenue from goods and services provided to individuals in Texas and in this Judicial District.

**U.S. PATENT NO. 9,214,033**

6.      On Dec. 15, 2015, United States Patent No. 9,214,033 (the "'033 patent") was duly and legally issued by the United States Patent and Trademark Office for an invention entitled "Map Display System and Method." A true and correct copy of the '033 patent is attached hereto as Exhibit A.

7.      Edward K. Y. Jung, Royce A. Levien, and Robert W. Lord *et al.*, are the inventors of the '033 patent.

8.      Plaintiff is the owner by assignment of the '033 Patent with all rights in and to that patent.

9.     Upon information and belief, to the extent any marking was required by 35 U.S.C. § 287, Plaintiff has complied with such requirements.

### U.S. PATENT NO. 7,860,648

10.    On December 28, 2010, United States Patent No. 7,860,648 (the "'648 patent") was duly and legally issued by the United States Patent and Trademark Office for an invention entitled "Map Display System and Method." A true and correct copy of the '648 patent is attached hereto as Exhibit B.

11.    Edward K. Y. Jung, Royce A. Levien, and Robert W. Lord *et al*., are the inventors of the '648 patent.

12.    Plaintiff is the owner by assignment of the '648 Patent with all rights in and to that patent.

13.    Upon information and belief, to the extent any marking was required by 35 U.S.C. § 287, Plaintiff has complied with such requirements.

### U.S. PATENT NO. 8,392,114

14.    On March 5, 2013, United States Patent No. 8,392,114 (the "'114 patent") was duly and legally issued by the United States Patent and Trademark Office for an invention entitled "Map Display System and Method." A true and correct copy of the '114 patent is attached hereto as Exhibit C.

15.    Edward K. Y. Jung, Royce A. Levien, and Robert W. Lord *et al*., are the inventors of the '114 patent.

16.    Plaintiff is the owner by assignment of the '114 Patent with all rights in and to that patent.

17.     Upon information and belief, to the extent any marking was required by 35 U.S.C. § 287, Plaintiff has complied with such requirements.

### U.S. PATENT NO. 8,768,610

18.     On July 1, 2014, United States Patent No. 8,768,610 (the "'610 patent") was duly and legally issued by the United States Patent and Trademark Office for an invention entitled "Map Display System and Method." A true and correct copy of the '610 patent is attached hereto as Exhibit D.

19.     Edward K. Y. Jung, Royce A. Levien, and Robert W. Lord *et al*., are the inventors of the '610 patent.

20.     Plaintiff is the owner by assignment of the '610 Patent with all rights in and to that patent.

21.     Upon information and belief, to the extent any marking was required by 35 U.S.C. § 287, Plaintiff has complied with such requirements.

### U.S. PATENT NO. 7,522,996

22.     On April 21, 2009, United States Patent No. 7,522,996 (the "'996 patent") was duly and legally issued by the United States Patent and Trademark Office for an invention entitled "Map Display System and Method." A true and correct copy of the '996 patent is attached hereto as Exhibit E.

23.     Edward K. Y. Jung, Royce A. Levien, and Robert W. Lord *et al*., are the inventors of the '996 patent.

24.     Plaintiff is the owner by assignment of the '996 Patent with all rights in and to that patent.

25.     Upon information and belief, to the extent any marking was required by 35 U.S.C. § 287, Plaintiff has complied with such requirements.

## COUNT I
## INFRINGEMENT OF U.S. PATENT NO. 9,214,033

26.     Defendant directly or through intermediaries, makes, uses, offers to sell, or sells navigation devices and software which infringe the '033 Patent, shown in Exhibit A-1.

27.     Upon information and belief, Defendant, its resellers, and its customers, have been and are now infringing claims 1, 2, 3, 4, 5, 6, 8, 10, 12, 13, 14, 16, 17, 18, 19, 20, 21, 22, 24, 25, 26, 27, 28, 29, 30, 32, 33, and 34 of the '033 Patent in the State of Texas, in this judicial district, and elsewhere in the United States, by, among other things, directly or through intermediaries, making, using, selling, and/or offering for sale navigation devices, services, and software, *i.e.*, the Sprint Scout System (the "Accused Service") and the Sprint Scout App for iOS and Android (the "Accused Devices") (collectively, the "Accused Instrumentality"), covered by one or more claims of the '033 Patent to the injury of Plaintiff.  Defendant is directly infringing, literally infringing, and/or infringing the '033 Patent under the doctrine of equivalents.  Defendant is thus liable for direct infringement of the '033 Patent pursuant to 35 U.S.C. § 271(a).

28.     The Accused Instrumentality infringes claim 1 of the '033 Patent. It performs a method related to displaying a map, the method comprising: receiving a request for the map, the map illustrating one or more locations; determining a status associated with at least one of the one or more locations on the map (*e.g.*, traffic conditions), the status at least partially based on one or more traffic-related location interaction rules associated with the at least one of the one or more locations on the map (*e.g.*, the current traffic speed as compared to the normal speed of traffic), the status including at least an indication of at least one traffic condition verifiable via one or more monitoring devices (*e.g.*, traffic information from other Sprint Scout  devices); and generating a

signal related to indicating at least one route associated with the at least one of the one or more locations on the map (*e.g.*, a colored line indicating the route and traffic conditions), the signal generated at least partially based on the status including at least an indication of at least one traffic condition verifiable via one or more monitoring devices (*e.g.*, the traffic conditions are received from other Sprint Scout  devices). *See* Ex. A-1, Figs. 1-6.

29.     The Accused Instrumentality infringes claim 2 of the '033 Patent.  It is a system comprising a computing device; and one or more instructions that, when executed on the computing device, cause the computing device to at least: receive a request for a map, the map illustrating one or more locations of interest (*e.g.*, gas stations or other points of interest); determine a status associated with at least one of the one or more locations on the map (*e.g.*, traffic conditions), the status at least partially based on one or more traffic-related location interaction rules associated with the at least one of the one or more locations on the map (*e.g.*, the current traffic speed as compared to the normal speed of traffic), the status including at least an indication of at least one traffic condition verifiable via one or more monitoring devices (*e.g.*, traffic information from other Sprint Scout  devices); and generate a signal related to indicating at least one route associated with the at least one of the one or more locations on the map (*e.g.*, a colored line indicating the route and traffic conditions), the signal generated at least partially based on the status including at least an indication of at least one traffic condition verifiable via one or more monitoring devices (*e.g.*, the traffic conditions are received from other Sprint Scout  devices). *See* Ex. A-1, Figs. 1-6.

30.     The Accused Instrumentality infringes claim 3 of the '033 Patent.  It is a machine comprising: circuitry configured for receiving a request for a map (*e.g.*, it contains circuity which receives user requests for maps), the map illustrating one or more locations; circuitry configured

for determining a status associated with at least one of the one or more locations on the map (*e.g.*, it contains circuitry and software for determining traffic conditions), the status at least partially based on one or more traffic-related location interaction rules associated with the at least one of the one or more locations on the map (*e.g.*, the current traffic speed as compared to the normal speed of traffic), the status including at least an indication of at least one traffic condition verifiable via one or more monitoring devices (*e.g.*, traffic information from other Sprint Scout  devices); and circuitry configured for generating a signal related to indicating at least one route associated with the at least one of the one or more locations on the map (*e.g.*, a colored line indicating the route and traffic conditions), the signal generated at least partially based on the status including at least an indication of at least one traffic condition verifiable via one or more monitoring devices (*e.g.*, the traffic conditions are received from other Sprint Scout  devices). *See* Ex. A-1, Figs. 1-6.

31.    The Accused Instrumentality infringes claim 4 of the '033 Patent.  It includes circuitry configured for updating (*e.g.*, circuity which receives transmissions from Wi-Fi or Cellular Sprint Scout  devices), at one or more times (*e.g.*, it automatically updates traffic conditions), the status associated with the at least one of the one or more locations, the status including at least an indication, at the time of updating (*e.g.*, current traffic conditions), of at least one traffic condition verifiable via one or more monitoring devices (*e.g.*, traffic information is received from other Sprint Scout  devices); and circuitry configured for generating a signal related to indicating at least one route associated with the at least one of the one or more locations at least partially based on the status including at least the indication, at the time of updating, of at least one traffic condition verifiable via one or more monitoring devices (*e.g.*, it calculates a route based on the traffic conditions received from other Sprint Scout  devices and displays a colored line indicative of traffic conditions at the location). *See* Ex. A-1, Figs. 1-6.

32.     The Accused Instrumentality infringes claim 5 of the '033 Patent.  It includes circuitry configured for receiving data from one or more monitoring devices capable of determining a traffic condition associated with the at least one of the one or more locations on the map (*e.g.*, it contains circuity which receives traffic information from other Sprint Scout devices). *See* Ex. A-1, Figs. 1-6.

33.     The Accused Instrumentality infringes claim 6 of the '033 Patent.  It includes circuitry for updating, at one or more times, the status associated with the at least one of the one or more locations, the status including at least an indication, at the time of updating, of at least one traffic condition verifiable via one or more monitoring devices comprises circuitry configured for periodically updating the status associated with the at least one of the one or more locations. (*e.g.*, it periodically updates traffic conditions associated with the location). *See* Ex. A-1, Figs. 1-6.

34.     The Accused Instrumentality infringes claim 8 of the '033 Patent.  It includes circuitry configured for receiving a request for data related to preparing written directions associated with an order for traversing the one or more locations (*e.g.*, it can receive a request for directions to multiple locations in a specific order). *See* Ex. A-1, Figs. 1-7.

35.     The Accused Instrumentality infringes claim 10 of the '033 Patent.  It includes circuitry configured for receiving a request for at least one of walking directions or driving directions for traversing the one or more locations in accordance with one or more location interaction rules (*e.g.*, it receives a request for driving directions associated with rules such as avoid tolls, speed limits, or avoid highways). *See* Ex. A-1, Figs. 1-6 and Fig. 8.

36.     The Accused Instrumentality infringes claim 12 of the '033 Patent.  It includes circuitry configured for receiving a request for driving directions capable of directing traversal of the one or more locations including at least avoiding at least one location because of traffic

conditions in accordance with one or more interaction rules related to traffic (*e.g.*, it routes a driver around a traffic delay).  *See* Ex. A-1, Figs. 1-6 and Figs. 8 and 9.

37.    The Accused Instrumentality infringes claim 13 of the '033 Patent.  It includes circuitry configured for receiving a request for a map, the map capable of use in illustrating at least one layout of at least one street (*e.g.*, the maps which are requested illustrate street layouts). *See* Ex. A-1, Figs. 1-6.

38.    The Accused Instrumentality infringes claim 14 of the '033 Patent.  It includes circuitry configured for determining a status associated with one or more diminished traffic capabilities associated with the at least one of the one or more locations on the map (*e.g.*, it determine traffic conditions). *See* Ex. A-1, Figs. 1-6.

39.    The Accused Instrumentality infringes claim 16 of the '033 Patent.  It includes circuitry configured for determining at least one location to avoid due to traffic conditions in association with the one or more traffic-related location interaction rules (*e.g.*, it routes around high traffic areas where the speed of traffic is significantly below the posted speed limit). *See* Ex. A-1, Figs. 1-6 and Fig. 9.

40.    The Accused Instrumentality infringes claim 17 of the '033 Patent.  It includes circuitry configured for generating the signal at least partially based on at least one indication related to the received request for the map, the at least one indication including at least one of shortest distance, least traffic, or fastest route (*e.g.*, the signal indicating the route to be taken is generated based on the driver's preference for either the shortest distance, traffic avoidance, or fastest route). *See* Ex. A-1, Figs. 1-6 and Fig. 9.

41.    The Accused Instrumentality infringes claim 18 of the '033 Patent.  It includes circuitry configured for generating a signal related to indicating an order for traversing the one or

more locations in association with the route (*e.g.*, it displays a colored line representing the route). *See* Ex. A-1, Figs. 1-6 and Fig. 10.

42.     The Accused Instrumentality infringes claim 19 of the '033 Patent.  It includes circuitry configured for generating a signal related to revising the route associated with the one or more locations (*e.g.*, it notifies the driver when a faster route is detected due to traffic conditions). *See* Ex. A-1, Figs. 1-6 and Figs. 9 and 10.

43.     The Accused Instrumentality infringes claim 20 of the '033 Patent.  It includes circuitry configured for generating a signal related to revising the route associated with the one or more locations in real time responsive to the status including at least an indication of a traffic condition verifiable via one or more monitoring devices (*e.g.*, traffic reports for other Sprint Scout devices are used to revise the route in response to changing traffic conditions). *See* Ex. A-1, Figs. 1-6 and Fig. 10.

44.     The Accused Instrumentality infringes claim 21 of the '033 Patent.  It includes circuitry configured for generating a signal related to providing written directions in association with a determined route traversing the one or more locations at least partially based on the determined status of the at least one of the one or more locations on the map (*e.g.*, it generates a signal providing written directions of the route based on traffic conditions). *See* Ex. A-1, Figs. 1-10.

45.     The Accused Instrumentality infringes claim 22 of the '033 Patent. It includes circuitry configured for generating a signal related to providing a layout of at least one street in association with a determined route traversing the one or more locations at least partially based on the determined status of the at least one of the one or more locations on the map (*e.g.*, it displays

a map of the street and route to be taken in response to traffic conditions). *See* Ex. A-1, Figs. 1-6 and Fig. 10.

46.    The Accused Instrumentality infringes claim 24 of the '033 Patent. It includes circuitry configured for generating a signal related to providing a layout of at least one street in association with a determined route traversing the one or more locations at least partially based on a real time traffic condition of at least one of the one or more locations on the map (*e.g.*, it generates a map of the street and route with a colored line indicating the route and current traffic conditions). *See* Ex. A-1, Figs. 1-6 and Fig. 10.

47.    The Accused Instrumentality infringes claim 25 of the '033 Patent. It includes circuitry configured for generating a signal related to indicating on the map a progress indication (*e.g.*, time to destination and distance to destination). *See* Ex. A-1, Figs. 1-6 and Fig. 10.

48.    The Accused Instrumentality infringes claim 26 of the '033 Patent. It includes circuitry configured for generating a signal related to indicating on the map a distance to a location (*e.g.*, distance to destination). *See* Ex. A-1, Figs. 1-6 and Fig. 10.

49.    The Accused Instrumentality infringes claim 27 of the '033 Patent. It includes circuitry configured for directing to another portion of the map based on the associated status (*e.g.*, it redirects to another portion of the map depending on the impact of traffic on travel time). *See* Ex. A-1, Figs. 1-6 and Fig. 9.

50.    The Accused Instrumentality infringes claim 28 of the '033 Patent. It includes circuitry configured for generating a signal related to a revised map in real time at least partially based on the associated status, the associated status indicative of a real time traffic condition associated with the at least one of the one or more locations (*e.g.*, it generates a revised map in real

time based on the current traffic conditions associated with possible routes to the destination). *See* Ex. A-1, Figs. 1-6 and Fig. 9.

51.     The Accused Devices infringe claim 29 of the '033 Patent. They include circuitry configured for receiving a request, the circuitry configured for determining a status, and the circuitry configured for generating a signal are effected in a mobile device, the mobile device including at least one of a GPS, a smartphone, a tablet, or a mobile computing device (*e.g.*, they are mobile computing devices or smartphones). *See* Ex. A-1, Figs. 1-6 and Fig. 10.

52.     The Accused Service infringes claim 30 of the '033 Patent. It includes circuitry configured for receiving a transmission at a server from a smartphone wirelessly transmitting the request to a server at least partially via a cellular network (*e.g.*, requests for traffic information and map updates are sent via a smartphone operating Sprint Scout via a cellular network and received by the Accused Service). *See* Ex. A-1, Figs. 1-6 and Fig. 11.

53.     The Accused Instrumentality infringes claim 32 of the '033 Patent. It includes circuitry configured for generating a signal related to indicating at least one route at least partially based on at least one indication of a direction that a device associated with the received request is at least one of heading or facing (*e.g.*, it generates a signal indicating the route based on the direction of travel, including recalculating the route if the device changes its direction of travel). *See* Ex. A-1, Figs. 1-6 and Fig. 9 and Fig. 12.

54.     The Accused Instrumentality infringes claim 33 of the '033 Patent.  It includes circuitry configured for verifying at least one traffic condition associated with at least one of the one or more locations on the map (*e.g.*, it contains circuitry in communication with Sprint Scout devices which transmit traffic information such as their rate of speed which is associated with their location on the map) and circuitry configured for generating a signal related to indicating the at

least one traffic condition in association with indicating the at least one route (*e.g.*, it contains circuitry which sends a signal to Sprint Scout devices in association with the route). *See* Ex. A-1, Figs. 1-6 and Fig. 10.

55.     The Accused Instrumentality infringes claim 34 of the '033 Patent. It includes circuitry configured for verifying at least one traffic condition associated with the at least one of the one or more locations on the map via one or more monitoring devices (*e.g.*, it verifies traffic conditions such as rate of travel from Sprint Scout devices); and circuitry for determining the status associated with the at least one of the one or more locations on the map at least partially based on verifying the at least one traffic condition (*e.g.*, it determines a status of a location on the map based at least partly on traffic information verified by other Sprint Scout devices). *See* Ex. A-1, Figs. 1-6 and Fig. 10.

56.     As a result of Defendant's infringement of the '033 Patent, Plaintiff has suffered monetary damages and is entitled to a money judgment in an amount adequate to compensate for Defendant's infringement, but in no event less than a reasonable royalty for the use made of the invention by Defendant, together with interest and costs as fixed by the court, and Plaintiff will continue to suffer damages in the future unless Defendant's infringing activities are enjoined by this Court.

57.     Unless a permanent injunction is issued enjoining Defendant and its agents, servants, employees, representatives, affiliates, and all others acting on in active concert therewith from infringing the '033 Patent, Plaintiff will be greatly and irreparably harmed.

## COUNT II
## INFRINGEMENT OF U.S. PATENT NO. 7,860,648

58.     Defendant directly or through intermediaries, makes, uses, offers to sell, or sells navigation devices and software which infringe the '648 Patent, shown in Exhibit B-1.

59.     Upon information and belief, Defendant, its resellers, and customers have been and are now infringing claims 1, 2, 3, 4, 6, 9, and 13 of the '648 Patent in the State of Texas, in this judicial district, and elsewhere in the United States, by, among other things, directly or through intermediaries, making, using, selling, and/or offering for sale navigation software and devices, *e.g.*, the Accused Devices, covered by one or more claims of the '648 Patent to the injury of Plaintiff.  Defendant is directly infringing, literally infringing, and/or infringing the '648 Patent under the doctrine of equivalents.  Defendant is thus liable for direct infringement of the '648 Patent pursuant to 35 U.S.C. § 271(a).

60.     The Accused Devices infringe claim 1 of the '648 Patent. They perform a method for a display device to receive a map through a predefined area, the method comprising: transmitting a request for the map including one or more locations, the request including an identifier associated with a user of the display device (*e.g.*, the devices transmit a request for updated or new map data, the request including the user's Sprint subscription account); receiving the map at the display device, the map including one or more locations, at least one location of the one or more locations associated with one or more location interaction rules verifiable via one or more monitoring devices (*e.g.*, the map includes rules related to the maximum and average speed of traffic, verifiable from other Sprint Scout devices); and interacting with the one or more monitoring devices to alter the map on the display device as a function of the one or more location interaction rules (*e.g.*, the display is altered to show colored lines of varying colors to indicate traffic conditions). *See* Ex. B-1, Figs. 1-9.

61.     The Accused Devices infringe claim 2 of the '648 Patent.  They receive a status associated with the at least one of the one or more locations on the map (*e.g.*, they receive information regarding the traffic status). *See* Ex. B-1, Figs. 1-9.

14

62.     The Accused Devices infringe claim 3 of the '648 Patent.  They receive data related to illustrating location detail for the at least one of the one or more locations, the location detail shown being a function of the status (*e.g.*, the traffic data is used to illustrate details regarding the speed of traffic along the route). *See* Ex. B-1, Figs. 1-10.

63.     The Accused Devices infringe claim 4 of the '648 Patent.  They periodically update the status in accordance with the location interaction rule associated with the at least one of the one or more locations (*e.g.*, traffic information is periodically updated). *See* Ex. B-1, Figs. 1-10.

64.     The Accused Devices infringe claim 6 of the '648 Patent.  They wirelessly transmit the request to a server over a wireless network (*e.g.,* the request for the map data transmits over a cellular or wi-fi network). *See* Ex. B-1, Figs. 1-10.

65.     The Accused Devices infringe claim 9 of the '648 Patent.  They are computer program products comprising: a computer-readable medium (*e.g.*, the Sprint Scout App is contained in a computer readable file) bearing one or more instructions for transmitting a request for the map including one or more locations, the request including an identifier associated with a user of the display device (*e.g.*, the request for to download the applicable map is associated with the user's Sprint subscription account); one or more instructions for receiving the map including one or more locations, at least one location of the one or more locations associated with one or more location interaction rules verifiable via one or more monitoring devices (*e.g.*, the map includes rules related to the maximum and average speed of traffic, verifiable from other Sprint Scout devices); and one or more instructions for interacting with the one or more monitoring devices to alter the map on the display device as a function of the one or more location interaction rules (*e.g.*, the map includes rules related to the maximum and average speed of traffic, verifiable from other Sprint Scout devices). *See* Ex. B-1, Figs. 1-10.

66.    The Accused Devices infringe claim 13 of the '648 Patent.  They contain instructions for transmitting a request for the map including one or more locations, the request including an identifier associated with a user of the display device includes one or more instructions for wirelessly transmitting the request to a server over a wireless network (*e.g.*, the transmitted request for the map occurs over a wi-fi or cellular network). *See* Ex. B-1, Figs. 1-10.

67.    As a result of Defendant's infringement of the '648 Patent, Plaintiff has suffered monetary damages and is entitled to a money judgment in an amount adequate to compensate for Defendant's infringement, but in no event less than a reasonable royalty for the use made of the invention by Defendant, together with interest and costs as fixed by the court, and Plaintiff will continue to suffer damages in the future unless Defendant's infringing activities are enjoined by this Court.

68.    Unless a permanent injunction is issued enjoining Defendant and its agents, servants, employees, representatives, affiliates, and all others acting on in active concert therewith from infringing the '648 Patent, Plaintiff will be greatly and irreparably harmed.

## COUNT III
## INFRINGEMENT OF U.S. PATENT NO. 8,392,114

69.    Defendant directly or through intermediaries, makes, uses, offers to sell, or sells navigation devices and software which infringe the '114 Patent, shown in Exhibit C-1.

70.    Upon information and belief, Defendant, its resellers, and customers have been and are now infringing claims 1, 4, 6, and 7 of the '114 Patent in the State of Texas, in this judicial district, and elsewhere in the United States, by, among other things, directly or through intermediaries, making, using, selling, and/or offering for sale navigation software and devices, *i.e.*, the Accused Devices, covered by one or more claims of the '114 Patent to the injury of Plaintiff.  Defendant is directly infringing, literally infringing, and/or infringing the '114 Patent

under the doctrine of equivalents.  Defendant is thus liable for direct infringement of the '114 Patent pursuant to 35 U.S.C. § 271(a).

71.    The Accused Devices infringe claim 1 of the '114 Patent. They perform a method for a display device to receive a map through a predefined area, the method comprising: transmitting a request for the map including one or more locations, the request including an identifier associated with a user of the display device (*e.g.*, the request to download a map is associated with the user's Sprint account); receiving the map including one or more locations, at least one location of the one or more locations associated with one or more location interaction rules verifiable via one or more monitoring devices (*e.g.*, the locations on the map are associated with interaction rules such as speed limits, road types, travel allowed, and current traffic conditions, which is verifiable via other Sprint Scout  devices); and interacting with the one or more monitoring devices to alter the map on the display device as a function of the one or more location interaction rules as modified by one or more user interaction rules associated with the user of the display device (*e.g.*, it takes traffic information from other Sprint Scout  devices and uses this information to modify the displayed map to reflect the traffic speed in comparison to the maximum speed associated with the location). *See* Ex. C-1, Figs. 1-5.

72.    The Accused Devices infringe claim 4 of the '114 Patent.  They wirelessly transmit the request to a server over a wireless network (*e.g.*, the request to download the map takes place over cellular or Wi-Fi network). *See* Ex. C-1, Figs. 1-7.

73.    The Accused Devices infringe claim 6 of the '114 Patent.  They transmit via at least one of a wireless LAN (WLAN), an IEEE 802 type wireless network, a Bluetooth type wireless network, or a satellite network (*e.g.,* a wireless LAN or 802.11 Wi-Fi network). *See* Ex. C-1, Figs. 1-7.

74.    The Accused Devices infringe claim 7 of the '114 Patent.  They receive an indication shown on the map related to whether one or more user interaction rules associated with the identifier affect the map (*e.g.*, traffic information is received which relates to whether the maximum speed associated with the location is affected by the traffic conditions associated with that location). *See* Ex. C-1, Figs. 1-7.

75.    As a result of Defendant's infringement of the '114 Patent, Plaintiff has suffered monetary damages and is entitled to a money judgment in an amount adequate to compensate for Defendant's infringement, but in no event less than a reasonable royalty for the use made of the invention by Defendant, together with interest and costs as fixed by the court, and Plaintiff will continue to suffer damages in the future unless Defendant's infringing activities are enjoined by this Court.

76.    Unless a permanent injunction is issued enjoining Defendant and its agents, servants, employees, representatives, affiliates, and all others acting on in active concert therewith from infringing the '114 Patent, Plaintiff will be greatly and irreparably harmed.

**COUNT IV**
**INFRINGEMENT OF U.S. PATENT NO. 8,768,610**

77.    Defendant directly or through intermediaries, makes, uses, offers to sell, or sells navigation devices and software which infringe the '610 Patent, shown in Exhibit D-1.

78.    Upon information and belief, Defendant has been and is now infringing claims 3, 7, 8, 9, 10, 11, 13, 14, 16, 17, 18, 19, 21, 22, 23, and 24 of the '610 Patent in the State of Texas, in this judicial district, and elsewhere in the United States, by, among other things, directly or through intermediaries, making, using, selling, and/or offering for sale navigation  devices, the Accused Devices, covered by one or more claims of the '610 Patent to the injury of Plaintiff.  Defendant is directly infringing, literally infringing, and/or infringing the '610 Patent under the doctrine of

equivalents.  Defendant is thus liable for direct infringement of the '610 Patent pursuant to 35 U.S.C. § 271(a).

79.    The Accused Devices infringe claim 3 of the '610 Patent. It meets the limitations of claim 1, and is a computer system comprising: a processor; a memory coupled to the processor; a receiver coupled to the processor (*e.g.*,, an Android or iOS Smartphone with the Sprint Scout App installed); and a map display module coupled to the receiver and the memory, the map display module including a data store configurable to hold data related to one or more interaction rules associated with one or more locations in a predefined area and one or more identifiers (*e.g.*, type of road such as toll or freeway, speed limit on the road, current flow of traffic in comparison to the posted speed limit); and a status module configurable to determine a status associated with at least one of the one or more locations on the map, the status being a function of one or more location interaction rules associated with the at least one of the locations (*e.g.*, it determines traffic conditions based on the flow of traffic and the posted speed limit). *See* Ex. D-1, Figs. 1-5.  Finally, the Accused Devices infringe claim 3 of the '610 patent by including a status module configurable to correlate the one or more location interaction rules for the at least one of the locations on the map with data received by one or more monitoring devices associated with the at least one of the one or more locations on the map (*e.g.*, traffic monitoring from other Sprint Scout devices and other sources is used to determine traffic conditions). *See* Ex. D-1, Figs. 1-7.

80.    The Accused Devices infringe claim 7 of the '610 Patent.  They are a system for receiving a map through a predefined area at a display device, the system comprising: circuitry for transmitting a request for the map including one or more locations, the request including an identifier associated with a user of the display device (*e.g.*, a user's Sprint account); circuitry for receiving the map including one or more locations (*e.g.*, a Wi-Fi or cellular receiver), at least one

location of the one or more locations associated with one or more location interaction rules verifiable via one or more monitoring devices (*e.g.*, traffic speed limits and current traffic conditions); and circuitry for interacting with the one or more monitoring devices to alter the map on the display device as a function of the one or more location interaction rules as modified by one or more user interaction rules associated with the user of the display device (*e.g.*, as traffic conditions change the device updates the displayed map to include the current traffic conditions in relation to the speed limit associated with the map location). *See* Ex. D-1, Figs. 1-7.

81.    The Accused Devices infringe claim 8 of the '610 Patent.  They are a system for receiving a map through a predefined area at a display device, comprising circuitry for transmitting a request for the map including one or more locations, the request including an identifier associated with a user of the display device (*e.g.*, it includes a wi-fi and cellular transmitter/receiver for transmitting a request for the map, including the users Sprint identification); circuitry for receiving the map including one or more locations, at least one location of the one or more locations associated with one or more location interaction rules verifiable via one or more monitoring devices (*e.g.*, it includes a wi-fi or cellular transmitter/receiver for receiving a map including multiple locations and interaction rules such as road type, maximum speed, and traffic conditions); and circuitry for interacting with the one or more monitoring devices to alter the map on the display device as a function of the one or more location interaction rules (*e.g.*, a processor and instructions for altering the map displayed as a function of the interaction rules, such as adding a colored over lay to the route to indicate traffic conditions as compared to the maximum speed allowed on the route).  *See* Ex. D-1, Figs. 1-7.

82.    The Accused Devices infringe claim 9 of the '610 Patent.  They meet the limitations of claim 8 and also include circuitry for receiving a status associated with the at least one of the

one or more locations on the map (*e.g.*, a wi-fi and cellular transmitter for receiving traffic information associated with the locations on the map). *See* Ex. D-1, Figs. 1-7.

83.    The Accused Devices infringe claim 10 of the '610 Patent.  They meet the limitations of claim 9 and also include circuitry for receiving data related to illustrating location detail for the at least one of the one or more locations, the location detail shown being a function of the status (*e.g.*, a wi-fi or cellular transmitter/receiver for receiving traffic information). *See* Ex. D-1, Figs. 1-7.

84.    The Accused Devices infringe claim 11 of the '610 Patent.  They meet the limitations of claim 9 and also include circuitry for periodically updating the status in accordance with the location interaction rule associated with the at least one of the one or more locations (*e.g.*, a wi-fi or cellular transmitter which periodically updates traffic information associated with the locations on the map).  *See* Ex. D-1, Figs. 1-7.

85.    The Accused Devices infringe claim 13 of the '610 Patent. They meet the limitations of claim 8 and also include circuitry for wirelessly transmitting the request to a server over a wireless network (*e.g.*, a wi-fi or cellular transmitter/receiver). *See* Ex. D-1, Figs. 1-8.

86.    The Accused Devices infringe claim 14 of the '610 Patent. They meet the limitations of claim 13 and also include circuitry for transmitting via at least one of a wireless LAN (WLAN), an IEEE 802 type wireless network, a cellular network, a Bluetooth type wireless network, or a satellite network (*e.g.*, a wi-fi and cellular transmitter/receiver). *See* Ex. D-1, Figs. 1-8.

87.    The Accused Devices infringe claim 16 of the '610 Patent. They meet the limitations of claim 8 and also include circuitry for receiving the map at the display device, the map including one or more locations, at least one location of the one or more locations associated

with one or more location interaction rules verifiable via one or more monitoring devices (*e.g.*, a wi-fi or cellular transmitter/receiver which receives traffic information originating from other Sprint Scout devices). *See* Ex. D-1, Figs. 1-7.

88.    The Accused Devices infringe claim 17 of the '610 Patent. They meet the limitations of claim 8 and also include circuitry for transmitting an identifier associated with the display device (*e.g.*, a wi-fi or cellular transmitter/receiver which sends the Sprint identification associated with the display device). *See* Ex. D-1, Figs. 1-7.

89.    The Accused Devices infringe claim 18 of the '610 Patent. They meet the limitations of claim 8 and also include circuitry for transmitting at least one GPS location associated with the display device (*e.g.*, a wi-fi or cellular transmitter/receiver which sends the devices GPS location). *See* Ex. D-1, Figs. 1-7.

90.    The Accused Devices infringe claim 19 of the '610 Patent. They meet the limitations of claim 8 and also include circuitry for transmitting at least one traffic condition associated with at least one location in the predefined area (*e.g.*, a wi-fi or cellular transmitter/receiver which sends the devices location information use to identify its rate of travel and thus traffic conditions). *See* Ex. D-1, Figs. 1-7.

91.    The Accused Devices infringe claim 21 of the '610 Patent. They meet the limitations of claim 8 and also include circuitry for transmitting a request for the map including one or more locations to a server, the server configured for at least relaying data received from one or more display devices to another of the one or more display devices (*e.g.*, a wi-fi or cellular transmitter/receiver which sends data to a server which transmits that data to other Sprint Scout devices). *See* Ex. D-1, Figs. 1-7.

92.    The Accused Devices infringe claim 22 of the '610 Patent. They meet the limitations of claim 8 and also include circuitry for receiving at least one traffic condition associated with at least one location in the predefined area (*e.g.*, a wi-fi or cellular transmitter/receiver which receives traffic information associate with the map locations). *See* Ex. D-1, Figs. 1-7.

93.    The Accused Devices infringe claim 23 of the '610 Patent. They meet the limitations of claim 8 and also include circuitry for receiving at least one traffic condition associated with at least one location in the predefined area, the at least one traffic condition received by at least one of the one or more monitoring devices (*e.g.*, a wi-fi or cellular transmitter/receiver which receives traffic information which is received by other Sprint Scout devices). *See* Ex. D-1, Figs. 1-7.

94.    The Accused Devices infringe claim 24 of the '610 Patent. They meet the limitations of claim 8 and also include circuitry for receiving at least one traffic condition associated with at least one location in the predefined area, the at least one traffic condition received from at least another display device (*e.g.*, a wi-fi or cellular transmitter/receiver which receives traffic information for the map location originating from other Sprint Scout devices). *See* Ex. D-1, Figs. 1-7.

95.    As a result of Defendant's infringement of the '610 Patent, Plaintiff has suffered monetary damages and is entitled to a money judgment in an amount adequate to compensate for Defendant's infringement, but in no event less than a reasonable royalty for the use made of the invention by Defendant, together with interest and costs as fixed by the court, and Plaintiff will continue to suffer damages in the future unless Defendant's infringing activities are enjoined by this Court.

96.     Unless a permanent injunction is issued enjoining Defendant and its agents, servants, employees, representatives, affiliates, and all others acting on in active concert therewith from infringing the '610 Patent, Plaintiff will be greatly and irreparably harmed.

## COUNT V
## INFRINGEMENT OF U.S. PATENT NO. 7,522,996

97.     Defendant directly or through intermediaries, makes, uses, offers to sell, or sells navigation devices and software which infringe the '996 Patent, shown in Exhibit E-1.

98.     Upon information and belief, Defendant has been and is now infringing claim 3 of the '996 Patent in the State of Texas, in this judicial district, and elsewhere in the United States, by, among other things, directly or through intermediaries, making, using, selling, and/or offering for sale navigation devices and software, *i.e.*, the Accused Instrumentalities, covered by one or more claims of the '996 Patent to the injury of Plaintiff.  Defendant is directly infringing, literally infringing, and/or infringing the '996 Patent under the doctrine of equivalents.  Defendant is thus liable for direct infringement of the '996 Patent pursuant to 35 U.S.C. § 271(a).

99.     The Accused Instrumentalities infringe claim 3 of the '996 Patent. They meet the limitations of claims 1 and 2 of the '996 Patent.  For example, the Accused Instrumentalities meet the limitations of claim 1, comprising: receiving a request for a map display illustrating information relative to one or more locations in a predetermined area; determining a status associated with at least one of the locations on the map display (*e.g.*, traffic status is determined using the speed limit associated with the location, the status of the road including accidents and whether or not the road is open or closed, and the type of road such as toll or free), the status being a function of one or more location interaction rules associated with at least one of the locations on the map display (*e.g.*, whether the road is closed or open, whether the road is a toll road and whether the user has disallowed toll roads, whether the speed of traffic is greatly slowed or stopped in

comparison to the maximum speed associated with the location); and generating a signal to indicating on the map display the status regarding a permitted traverse or visit that is allowed under an applicable location interaction rule associated with the at least one of the locations on the map display (*e.g.*, an icon showing traffic conditions, road closures, or disallowing traversal on the road based on the user settings such as avoid tolls or traffic). *See* Ex. E-1, Figs. 1-6.

100.    Furthermore, the Accused Instrumentalities meet the limitations of claim 2 of the '996 Patent. They periodically update the status associated with the at least one of the locations (*e.g.*, road closures and traffic conditions) and generate a signal related to indicating on the map display an updated status associated with the at least one of the locations (*e.g.*, road closures and traffic conditions are indicated on the displayed map). *See* Ex. E-1, Figs. 1-7.

101.    Finally, the Accused Instrumentalities infringe claim 3 of the '996 Patent. They receive data from one or more monitoring devices capable of determining a user interaction with the at least one of the locations on the map display (*e.g.*, traffic data is collected from other Sprint Scout devices and are used to determine the traffic conditions at the map locations). *See* Ex. E-1, Figs. 1-9.

102.    As a result of Defendant's infringement of the '996 Patent, Plaintiff has suffered monetary damages and is entitled to a money judgment in an amount adequate to compensate for Defendant's infringement, but in no event less than a reasonable royalty for the use made of the invention by Defendant, together with interest and costs as fixed by the court, and Plaintiff will continue to suffer damages in the future unless Defendant's infringing activities are enjoined by this Court.

103.    Unless a permanent injunction is issued enjoining Defendant and its agents, servants, employees, representatives, affiliates, and all others acting on in active concert therewith from infringing the '996 Patent, Plaintiff will be greatly and irreparably harmed.

**COUNT VI**
**INDUCED INFRINGEMENT OF U.S. PATENT NO. 9,214,033**

104.    Upon information and belief, Defendant has been and is now inducing the infringement by its resellers and end-use customers of claims 1, 2, 3, 4, 5, 6, 8, 10, 12, 13, 14, 16, 17, 18, 19, 20, 21, 22, 24, 25, 26, 27, 28, 29, 30, 32, 33, and 34 of the '033 Patent in the State of Texas, in this Judicial District, and elsewhere in the United States, by, among other things, directly or through intermediaries, making, using, importing, selling and/or offering for sale the Accused Devices to the injury of Plaintiff.  Defendant's resellers and end-use customers are directly infringing, literally infringing, and/or infringing the '033 Patent under the doctrine of equivalents. Defendant is thus liable for infringement of the '033 Patent pursuant to 35 U.S.C. § 271(b).

105.    As shown above, Defendant have and continue to indirectly infringe the '033 Patent by inducing the infringement by its end-users and resellers of claims 1, 2, 3, 4, 5, 6, 8, 10, 12, 13, 14, 16, 17, 18, 19, 20, 21, 22, 24, 25, 26, 27, 28, 29, 30, 32, 33, and 34 of the '033 in accordance with 35 U.S.C. § 271(b).

106.    As shown above, Defendant, its resellers, distributors, and end-users of the Accused Devices have engaged in and currently engage in activities that constitute direct infringement of claims 1, 2, 3, 4, 5, 6, 8, 10, 12, 13, 14, 16, 17, 18, 19, 20, 21, 22, 24, 25, 26, 27, 28, 29, 30, 32, 33, and 34 of the '033 Patent.

107.    As shown above, the operation and use of the by Defendant, its resellers, or end-user customers of the Accused Instrumentality constitutes a direct infringement of claims

108.    Defendant's affirmative act of selling and/or offering for sale the Accused Instrumentalities and providing instruction manuals, advertisement of the infringing features, and support for the Accused Instrumentalities have induced and continues to induce Defendant's resellers and end users to use the Accused Devices in its normal and customary way to infringe claim 1 of the '033 Patent.

109.    Through its making, selling, and/or offering for sale the Accused Devices, Defendant specifically intends that its resellers and end-users directly infringe claim 1 of the '033 Patent.  Defendant has had knowledge of the '033 Patent since the filing of the original complaint and actually induces others, such as resellers and end-use customers, to directly infringe by using, selling, supplying, and or distributing the Accused Instrumentality within the United States. Defendant is aware since at least the filing of the original complaint that such actions would induce actual infringement.  Furthermore, Defendant remains aware that these normal and customary activities would infringe the '033 Patent.

110.    For example, in connection with the sale and/or offering for sale of the Accused Devices, Defendant provides manuals and support to resellers and end-use customers regarding the user and operation of the Accused Devices.  Specifically, Defendant provides manuals and support, see, *e.g.*, http://eguides.sprint.com/support/eguides/htc8xt/index.html#htc_8xt_ug/ using_scout_by_telenav.html.  When end-users follow such instructions and support, they directly infringe the '033 Patent.  Defendant knows or should have known that by providing such instructs and support, resellers and end-use customers follow these instructions and support and directly infringe the '033 Patent.

111.    Accordingly, Defendant has performed and continues to perform acts that constitute indirect infringement, and would induce actual infringement, with the knowledge of the

'033 Patent and with the knowledge or willful blindness to the fact that the induced acts would constitute infringement.

## COUNT VII
## INDUCED INFRINGEMENT OF U.S. PATENT NO. 8,392,114

112.    Upon information and belief, Defendant has been and is now inducing the infringement by its resellers and end-use customers of claims 1, 2, 4, and 7 of the '114 Patent in the State of Texas, in this Judicial District, and elsewhere in the United States, by, among other things, directly or through intermediaries, making, using, importing, selling and/or offering for sale the Accused Devices to the injury of Plaintiff.  Defendant's resellers and end-use customers are directly infringing, literally infringing, and/or infringing the '114 Patent under the doctrine of equivalents.  Defendant is thus liable for infringement of the '114 Patent pursuant to 35 U.S.C. § 271(b).

113.    As shown above, Defendant have and continue to indirectly infringe the '114 Patent by inducing the infringement by its end-users and resellers of claims 1, 2, 4, and 7 of the '114 Patent in accordance with 35 U.S.C. § 271(b).

114.    As shown above, Defendant, its resellers, distributors, and end-users of the Accused Devices have engaged in and currently engage in activities that constitute direct infringement of claims 1, 2, 4, and 7 of the '114 Patent.

115.    As shown above, the operation and use of the by Defendant, its resellers, or end-user customers of the Accused Devices constitutes a direct infringement of claims

116.    Defendant's affirmative act of selling and/or offering for sale the Accused Devices and providing instruction manuals, advertisement of the infringing features, and support for the Accused Devices have induced and continues to induce Defendant's resellers and end users to use

the Accused Devices in its normal and customary way to infringe claims 1, 2, 4, and 7 of the '114 Patent.

117.    Through its making, selling, and/or offering for sale the Accused Devices, Defendant specifically intends that its resellers and end-users directly infringe claims 1, 2, 4, and 7 of the '114 Patent.  Defendant has had knowledge of the '114 Patent since the filing of the original complaint and actually induces others, such as resellers and end-use customers, to directly infringe by using, selling, supplying, and or distributing the Accused Devices within the United States.  Defendant is aware since at least the filing of the original complaint that such actions would induce actual infringement.  Furthermore, Defendant remains aware that these normal and customary activities would infringe the '114 Patent.

118.    For example, in connection with the sale and/or offering for sale of the Accused Devices, Defendant provides manuals and support to resellers and end-use customers regarding the user and operation of the Accused Devices.  Specifically, Defendant provides manuals and support, see, e.g., http://eguides.sprint.com/support/eguides/htc8xt/index.html#htc_8xt_ug/using_scout_by_telenav.html.  When end-users follow such instructions and support, the directly infringe the '114 Patent.  Defendant knows or should have known that by providing such instructs and support, resellers and end-use customers follow these instructions and support and directly infringe the '114 Patent.

119.    Accordingly, Defendant has performed and continues to perform acts that constitute indirect infringement, and would induce actual infringement, with the knowledge of the '114 Patent and with the knowledge or willful blindness to the fact that the induced acts would constitute infringement.

**COUNT VIII**
**INDUCED INFRINGEMENT OF U.S. PATENT NO. 7,860,648**

120.    Upon information and belief, Defendant has been and is now inducing the infringement by its resellers and end-use customers of claims 1, 2, 3, 4, and 6 of the '648 Patent in the State of Texas, in this Judicial District, and elsewhere in the United States, by, among other things, directly or through intermediaries, making, using, importing, selling and/or offering for sale the Accused Devices to the injury of Plaintiff.  Defendant's resellers and end-use customers are directly infringing, literally infringing, and/or infringing the '648 Patent under the doctrine of equivalents.  Defendant is thus liable for infringement of the '648 Patent pursuant to 35 U.S.C. § 271(b).

121.    As shown above, Defendant have and continue to indirectly infringe the '648 Patent by inducing the infringement by its end-users and resellers of claims 1, 2, 3, 4, and 6 of the '648 Patent in accordance with 35 U.S.C. 271(b).

122.    As shown above, Defendant, its resellers, distributors, and end-users of the Accused Devices have engaged in and currently engage in activities that constitute direct infringement of claims 1, 2, 3, 4, and 6 of the '648 Patent.

123.    As shown above, the operation and use of the by Defendant, its resellers, or end-user customers of the Accused Devices constitutes a direct infringement of claims

124.    Defendant's affirmative act of selling and/or offering for sale the Accused Devices and providing instruction manuals, advertisement of the infringing features, and support for the Accused Devices have induced and continues to induce Defendant's resellers and end users to use the Accused Devices in its normal and customary way to infringe claims 1, 2, 3, 4, and 6 of the '648 Patent.

125.    Through its making, selling, and/or offering for sale the Accused Devices, Defendant specifically intends that its resellers and end-users directly infringe claims 1, 2, 3, 4, and 6 of the '648 Patent.  Defendant has had knowledge of the '648 Patent since the filing of the original complaint and actually induces others, such as resellers and end-use customers, to directly infringe by using, selling, supplying, and or distributing the Accused Devices within the United States.  Defendant is aware since at least the filing of the original complaint that such actions would induce actual infringement.  Furthermore, Defendant remains aware that these normal and customary activities would infringe the '648 Patent.

126.    For example, in connection with the sale and/or offering for sale of the Accused Devices, Defendant provides manuals and support to resellers and end-use customers regarding the user and operation of the Accused Devices.  Specifically, Defendant provides manuals and support, see, e.g., https://www.att.com/shop/apps/navigator.html.  When end-users follow such instructions and support, the directly infringe the '648 Patent.  Defendant knows or should have known that by providing such instructs and support, resellers and end-use customers follow these instructions and support and directly infringe the '648 Patent.

127.    Accordingly, Defendant has performed and continues to perform acts that constitute indirect infringement, and would induce actual infringement, with the knowledge of the '648 Patent and with the knowledge or willful blindness to the fact that the induced acts would constitute infringement.

## COUNT IX
## INDUCED INFRINGEMENT OF U.S. PATENT NO. 7,522,996

128.    Upon information and belief, Defendant has been and is now inducing the infringement by its resellers and end-use customers of claim 3 of the '996 Patent in the State of Texas, in this Judicial District, and elsewhere in the United States, by, among other things, directly

or through intermediaries, making, using, importing, selling and/or offering for sale the Accused Devices to the injury of Plaintiff. Defendant's resellers and end-use customers are directly infringing, literally infringing, and/or infringing the '996 Patent under the doctrine of equivalents. Defendant is thus liable for infringement of the '996 Patent pursuant to 35 U.S.C. § 271(b).

129.    As shown above, Defendant have and continue to indirectly infringe the '996 Patent by inducing the infringement by its end-users and resellers of claim 3 of the '996 Patent in accordance with 35 U.S.C. § 271(b).

130.    As shown above, Defendant, its resellers, distributors, and end-users of the Accused Devices have engaged in and currently engage in activities that constitute direct infringement of claim 3 of the '996 Patent.

131.    As shown above, the operation and use of the by Defendant, its resellers, or end-user customers of the Accused Devices constitutes a direct infringement of claims

132.    Defendant's affirmative act of selling and/or offering for sale the Accused Devices and providing instruction manuals, advertisement of the infringing features, and support for the Accused Devices have induced and continues to induce Defendant's resellers and end users to use the Accused Devices in its normal and customary way to infringe claim 3 of the '996 Patent.

133.    Through its making, selling, and/or offering for sale the Accused Devices, Defendant specifically intends that its resellers and end-users directly infringe Claim 3 of the '996 Patent. Defendant has had knowledge of the '996 Patent since the filing of the original complaint and actually induces others, such as resellers and end-use customers, to directly infringe by using, selling, supplying, and or distributing the Accused Devices within the United States. Defendant is aware since at least the filing of the original complaint that such actions would induce actual

infringement.  Furthermore, Defendant remains aware that these normal and customary activities would infringe the '996 Patent.

134.    For example, in connection with the sale and/or offering for sale of the Accused Devices, Defendant provides manuals and support to resellers and end-use customers regarding the user and operation of the Accused Devices.  Specifically, Defendant provides manuals and support, see, e.g., https://www.att.com/shop/apps/navigator.html.  When end-users follow such instructions and support, the directly infringe the '996 Patent.  Defendant knows or should have known that by providing such instructs and support, resellers and end-use customers follow these instructions and support and directly infringe the '996 Patent.

135.    Accordingly, Defendant has performed and continues to perform acts that constitute indirect infringement, and would induce actual infringement, with the knowledge of the '996 Patent and with the knowledge or willful blindness to the fact that the induced acts would constitute infringement.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court enter:

1.    A judgment in favor of Plaintiff that Defendant has infringed the Patents-in-Suit;

2.    a permanent injunction enjoining Defendant and its officers, directors, agents, servants, affiliates, employees, divisions, branches, subsidiaries, parents, and all others acting in active concert therewith from infringement, inducing the infringement of, or contributing to the infringement of the Patents-in-Suit, or such other equitable relief the Court determines is warranted;

3.    a judgment and order requiring Defendant pay to Plaintiff its damages, costs, expenses, and prejudgment and post-judgment interest for Defendant's infringement of the

Patents-in-Suit as provided under 35 U.S.C. § 284, and an accounting of ongoing post-judgment infringement; and

4.      any and all other relief, at law or equity, to which Plaintiff may show itself to be entitled.

## DEMAND FOR JURY TRIAL

Plaintiff, under Rule 38 of the Federal Rules of Civil Procedure, requests a trial by jury of any issues so triable by right.

DATED August 1, 2017.                    Respectfully submitted,

By: */s/ Hao Ni*
Hao Ni
Texas Bar No. 24047205
hni@nilawfirm.com
Timothy T. Wang
Texas Bar No. 24067927
twang@nilawfirm.com
Neal G. Massand
Texas Bar No. 24039038
nmassand@nilawfirm.com
Stevenson Moore V
Texas Bar No. 24076573
smoore@nilawfirm.com
Krystal L. McCool
Texas Bar No. 24082185
kmccool@nilawfirm.com

**Ni, Wang & Massand, PLLC**
8140 Walnut Hill Ln., Ste. 500
Dallas, TX 75231
Tel: (972) 331-4600
Fax: (972) 314-0900

**ATTORNEYS FOR PLAINTIFF**
**LOCATION BASED SERVICES, LLC**